IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAGGIWA CUMMINGS, individually and on behalf of all others similarly situated,<br><br>VERSUS<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, an Illinois Corporation | Civil Action No.: 22-00247-JWD-EWD<br>Judge: John W. deGravelles<br>Magistrate Judge: Erin Wilder-Doomes |

## FINAL ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT

This matter is before the Court on the Motion for Final Order and Judgment Approving Class Action Settlement. The matter came before the Court on February 5, 2025, for a hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Final Approval Hearing") as to the fairness, reasonableness, and adequacy of the Parties' proposed Settlement of this Action preliminarily approved by the Court on August 30, 2024. All interested Persons were provided with notice and the opportunity to be heard regarding the proposed Settlement.

The Court has again reviewed the Settlement Agreement (including Exhibits) (the "Settlement Agreement") and all papers submitted in connection with the proposed Settlement, and has considered all arguments of counsel. The Court finds that the Parties have demonstrated full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Final Order and Judgment Approving Class Action Settlement ("Order" or "Final Order and Judgment"). The Court therefore directs the Parties and their counsel to

implement and consummate the Settlement Agreement and directs the administration of the Settlement in accordance with the terms and provisions of the Settlement.[1]

## BACKGROUND

1. On August 30, 2024, this Court entered the Preliminary Approval Order. (Doc. 60). This Final Order and Judgment incorporates the provisions, findings, and conclusions in the Preliminary Approval Order unless specifically stated otherwise in this Order.

2. After entry of the Preliminary Approval Order, the Parties proceeded to implement the terms of the Preliminary Approval Order and the Settlement.

3. On November 27, 2024, the Settlement Administrator, Epiq, mailed the Mailed Notice to all Settlement Class Members after updating the mailing addresses provided by Allstate, in accordance with the terms of the Preliminary Approval Order and Settlement Agreement. In the initial mailing, Epic mailed 59,072 Notices. 670 Mailed Notices were returned as undeliverable.

4. At the time of the first Mailed Notice, Epic also emailed the Email Notice to Settlement Class Members.

5. With respect to those returned Mailed Notices with a forwarding address, Epic remailed such Mailed Notices to those forwarding addresses; with respect to returned Mailed Notices without a forwarding address, Epic attempted to obtain a current mailing address using the methods specified in the Settlement Agreement. In all, 58,324 of the 59,072 Mailed Notices were mailed and not returned as undeliverable, and therefore are presumed delivered, representing a 98.8% "reach rate."[2]

---

[1] The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement
[2] The affidavit of the Settlement Administrator provides detailed information regarding the course and scope of post-Preliminary Approval Order notice and settlement administration activities

6. In addition, Epiq established a Settlement Website, also in accordance with the Settlement Agreement and Preliminary Approval Order. The Website provided pertinent information on the Settlement, including Important Dates, Frequently Asked Questions, and relevant documents.

7. Epiq also set up a 24-hour IVR/VRU telephone system, which provided answers to frequently asked questions. The IVR/VRU also permitted callers to "punch through" to a live Call Center during regular business hours.

8. The Website, IVR/VRU, and Call Center went "live" on the Mailed Notice Date.

9. Settlement Class Members were given until January 6, 2025 to exclude themselves or object to the Settlement.

10. On November 22, 2024, Class Counsel filed their petition for an Attorneys' Fees and Expenses Award (up to a maximum of $1,150,000.00), expenses in the amount of $25,000, and for a Service Award to the Named Plaintiff, up to a maximum of $5,000.

11. Based on the Declaration of the Administrator no Settlement Class Members requested exclusion from the Class.

12. Based on the Declaration of the Administrator, no objections were received.

## FINDINGS AND CONCLUSIONS

13. This Court re-confirms that it has personal jurisdiction over all Settlement Class Members, and subject matter jurisdiction over this Action and to approve the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

14.     The Court approves the Settlement Agreement and finds that the proposed Settlement, the calculation of Settlement Claim Payments, the distribution of payments to qualifying Settlement Class Members, the Mailed Notice, the Email Notice, the Settlement Website, the requirements for exclusions and objections, the Release, the Attorneys' Fees and Expenses Award, and the Service Award, is fair, reasonable, and adequate, which warrants entry of this Final Order and Judgment. The Court gives final approval to the Settlement and finds that the Settlement is fair, reasonable, and adequate as to each of the Parties and the Settlement Class Members, and consistent and in compliance with all requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws as to, and in the best interests of, the Settlement Class Members. The Court further finds that the Settlement is the result of good-faith, non-collusive, and arm's-length negotiations by the Parties. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

15.     The Court confirms its previous findings in the Preliminary Approval Order that, for settlement purposes only, all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied.

16.     Rule 23(e)(2) sets out the criteria for final approval of a class action settlement:

> (2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>     (A) the class representatives and class counsel have adequately represented the class;
>     (B) the proposal was negotiated at arm's length;
>     (C) the relief provided for the class is adequate, taking into account:
>         (i) the costs, risks, and delay of trial and appeal;
>         (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
      (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

17. This Settlement satisfies all these requirements.

18. The Court confirms its findings in the Preliminary Approval Order that Class Counsel and the Named Plaintiff have adequately represented the Settlement Class. Under Rule 23, "class counsel . . . must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court has considered Class Counsel's (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. See Fed. R. Civ. P. 23(g)(1)(A(i-iv).

19. The Court finds that Class Counsel have diligently investigated the claims of the Settlement Class and through the vigorous prosecution of this Action obtained class certification. Class Counsel also have demonstrated an in-depth knowledge of the law, having been appointed class counsel in numerous analogous consumer class actions, including many other automotive total loss cases. In addition, as noted below, the amounts sought by Class Counsel for their Attorneys' Fees and Expenses Award are fair and reasonable given the work that Class Counsel have devoted to the Action as well as the results obtained for the Settlement Class.

20. The Court further finds that Ms. Cummings has adequately represented the Settlement Class. The Court reaffirms its findings in the Preliminary Approval Order that Ms. Cummings does not have a conflict of interest with the class, and that she has vigorously prosecuted this Action on behalf of the class. The Court finds that Plaintiff's request for a Service Award of $5,000.00 is fair and justified, given Ms. Cummings' work on the case from its inception.

The Named Plaintiff shall also be entitled to receive a Settlement Claim Payment on the same terms as any other qualified Settlement Class Member.

21. The Court also reaffirms its findings in the Preliminary Approval Order that the Settlement does not grant preferential treatment to Ms. Cummings and that the Settlement treats Settlement Class Members equally. The Settlement Claim Payments will be calculated based on the value of the Settlement Class Members' vehicles, which is reasonably related to the amounts alleged to be owed for taxes and fees.

22. The Court further confirms its findings in the Preliminary Approval Order that the Settlement was negotiated at arm's length and was not collusive.

23. The Court finds that the relief provided to the Settlement Class is more than fair, reasonable, and adequate, taking into account the costs, risks, and delays of trial and appeal; the effectiveness of the proposed relief and the manner of distributing the relief to the Settlement Class; and the timing and payment of the Attorneys' Fees and Expenses Award and the Service Award.

24. In addition, as part of the Settlement, Allstate has agreed to pay applicable Sales Tax and Title and Transfer Fees on total loss vehicles in Louisiana going forward without regard to whether the vehicle is leased or owned. Allstate reserves the right to change their practices in the event of a change in law, a change in the State of Louisiana's taxes or fees charged incidental to the transfer of ownership of motor vehicles titled and/or registered in Louisiana, or other changes in taxes and fees, or appropriate changes in the terms of the applicable insurance policies.

25. The Court also has considered the Settlement Class Members' expected recovery balanced against the value of the Settlement. The Court agrees with Class Counsel's analysis that

the Settlement provides significant relief to Settlement Class Members for claims that have uncertain prospects of success.

26. The Court further finds that Class Counsel's request for the Attorneys' Fees and Expenses Award is fair and reasonable, given the significant work that Class Counsel have devoted to this Action (including the Settlement).

27. The Court finds that Epiq has performed all its duties under the Settlement.

28. The Court also finds that the notice to the Settlement Class complied with all requirements of Rule 23 and due process. The Mailed Notice and Email Notice clearly and accurately conveyed to Settlement Class Members all material terms of the Settlement. Furthermore, the individual Mailed Notice reached 98.8% of the Settlement Class Members, which is more than sufficient to meet all legal requirements.

29. The Settlement Website, IVR/VRU telephone system, and the Call Center also supplemented the Notice provided to Settlement Class Members. The Website contained all relevant settlement-related materials and information (including a mechanism for online submission of Address Verification Forms). The IVR/VRU telephone system contained recorded answers to frequently asked questions, along with an option permitting Settlement Class Members to speak to live operators during regular business hours or leave messages in a voicemail box. In short, the notice provided to Settlement Class Members in this matter was robust, accurate, readily understandable, and comprehensive.

30. Accordingly, the Court finds that the Parties have implemented and complied with the notice plan as provided in the Preliminary Approval Order. The Court finds that the Mailed Notice, Email Notice, Website notice, and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, and their right to exclude themselves from or object to the proposed Settlement and to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

31. The Settlement also provided ample opportunity for Settlement Class Members to exclude themselves from or object to any element of the Settlement.

32. Furthermore, the Release is narrowly tailored to the Settlement Class Members' claims.

33. The Court also finds that the Class Action Fairness Act Notice on behalf of Allstate complied with 28 U.S.C. § 1715.

**IT IS HEREBY ORDERED:**

34. The Motion for Final Order and Judgment Approving Class Action Settlement is granted. The Court grants final approval to the Parties' Settlement, as set forth in the Settlement Agreement.

35. The Court gives final approval to the Settlement and finds that the Settlement is fair, reasonable, and adequate as to each of the Parties and the Settlement Class Members, and consistent and in compliance with all requirements of due process, federal law, and any other applicable law, as to, and in the best interests of, the Settlement Class Members. The Court further finds that the Settlement is the result of good-faith, non-collusive, and arm's-length negotiations by the Parties, including a mediation session before Michael Ungar. The Court directs the Parties

and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

36. The Court grants final approval of the certification of the Settlement Class, for settlement purposes only, and confirms its previous certification of the following Settlement Class:

> All Insureds, under any Louisiana automobile insurance policy issued by ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY and their subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the relevant time period and who are mailed class notice and do not timely opt out from the settlement class.
> Excluded from the Settlement Class are (1) Allstate, its agents, employees, subsidiaries, parents, and related entities, all present or former officers and/or directors of Allstate, the Settlement Administrator, the Mediator, Class Counsel, and any Judge of this Court and the Judge's staff and employees; (2) Individuals with claims for which Allstate received a valid and executed release; (3) Individuals who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement; (4) Individuals who request exclusion from the Class; and (5) Individuals with claims for first-party property damage as to which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Settlement Agreement is filed.

37. Allstate and the Released Persons shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

38. No liability with respect to the Settlement shall obtain in favor of the Named Plaintiff, the Settlement Class, or Class Counsel as against any officer, director, member, agent, or employee of Allstate, but rather, the Named Plaintiff, the Settlement Class, and Class Counsel shall look solely to the assets of Allstate for satisfaction of the Settlement.

39. The Court re-confirms the appointment of Epiq as Settlement Administrator and finds that Epiq has complied with its duties under the Preliminary Approval Order and the Settlement Agreement.

40. The Court dismisses the Action on the merits as to Allstate with prejudice and without fees or costs except as provided in this Final Order and Judgment.

41. The Court determines that there were no requests for exclusion from the Class. Accordingly, all Settlement Class Members shall be bound by the terms of the Settlement.

42. The Court approves the distribution plan set forth in Paragraphs 69–74 of the Settlement Agreement.

43. All Settlement Class Members who submit completed Claim Forms by the Claims Deadline will be entitled to a payment and shall automatically receive their payment by check or direct deposit issued by the Settlement Administrator within 90 days following the Claims Deadline.

44. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over Allstate, the Named Plaintiff, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and the Final Order and Judgment, and for any other necessary purposes.

45. The Court finds and adjudges that, as of the Effective Date, the Named Plaintiff, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Court-Approved Opt-Out List[3], and their heirs, estates, trustees, executors,

---

[3] As mentioned in Paragraphs 11 and 12, there were no requests to be excluded from the class or objections to the Settlement.

administrators, principals, beneficiaries, representatives, agents, assigns, successors, employees, employers, companies, partnerships, corporations, professional services corporations, limited liability companies, members, owners, officers, directors, partners, joint venturers, managing agents, affiliates, subsidiaries, predecessors, successors, and/ or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement and regardless of whether they previously initiated or subsequently initiate individual litigation or other proceedings encompassed by the Released Claims, have conclusively compromised, settled, discharged, and released all Released Claims against Allstate and the Released Persons, and are bound by the provisions of the Settlement Agreement, as further provided in Paragraphs 97–100 of the Settlement Agreement.

46. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, liabilities, agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Allstate's alleged failure to pay any Sales Tax (or sufficient Sales Tax on leased vehicles and retained salvage total loss vehicles) and insufficient payment of Transfer Fees to Plaintiff and all Settlement Class Members with respect to any Settlement Class Member Claims for a total loss vehicle during the Class Period under an automobile insurance policy issued by

Allstate based on any legal theory whatsoever relating to payment of Sales Tax and Transfer

Fees to the fullest extent of the law and res judicata and/or claim preclusion protections. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims also do not include any claims, actions, or causes of action alleging that Allstate failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay any or sufficient Sales Tax and Transfer Fees.

47. "Released Persons" means Allstate, as defined above, and any of its members, parents, subsidiaries, affiliates, managers, past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof, and any other Person or entity who or which might be liable on the basis of any conduct by any of the foregoing.

48. "Releasing Parties" means the Named Plaintiff and the Settlement Class Members who do not otherwise timely opt-out of the Settlement Class, and their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, shareholders, principals, owners, agents, fiduciaries, spouses, children, dependents, parents, creditors, judgment creditors, representatives, employees, employers, executors, administrators, conservators, receivers, subrogees, trusts, trustees, members, servants, independent contractors, lessors, lessees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and/or future parent, subsidiaries and/or affiliated corporations, partnerships and/or other entities, and on behalf of any other Person or entity who or which could or might assert any claim under or through any of the foregoing.

49. "Unknown Claims" means any unknown Released Claims arising out of facts

found hereafter to be other than or different from the facts now believed to be true and relating to Vehicle Sales Tax to the full extent permitted by law and to the full extent of *res judicata* and/or claim preclusion protection.

50. The Court declares the Settlement Agreement and this Final Order and Judgment to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of Plaintiff and all other Settlement Class Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, assignees, assignors, successors, employees, employers, companies, partnerships, corporations, professional services corporations, limited liability companies, members, owners, officers, directors, partners, joint venturers, managing agents, affiliates, subsidiaries, predecessors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement and regardless of whether they previously initiated or subsequently initiate individual litigation or other proceedings encompassed by the Released Claims, as set forth in Paragraphs 97–100 of the Settlement Agreement.

51. Accordingly, upon the Effective Date, the Named Plaintiff, and all Settlement Class Members, and all Persons claiming through them or acting or purporting to act for them or on their behalf, shall be barred from asserting any Released Claims against Allstate and the other Released Persons, and such Settlement Class Members shall have released any and all Released Claims as against Allstate and the other Released Persons, as provided in the Settlement Agreement.

52. Only to the extent that it is otherwise not violative of any applicable rules

governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any opt out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel), any opt out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted. under the terms of this provision.

53. The Court hereby awards the following for the Attorneys' Fees and Expenses Award, to be paid separate from (and which will not reduce) the Settlement Payments to Class Members: $1,150,000.00, and expenses in the amount of $25,000.00. In reaching the conclusion that the attorney fee award is fair and reasonable, the Court has reviewed and relied upon in part the declarations of Adam A. Schwartzbaum, Andrew J. Shamis, and Edmund A. Normand, attached as Docs. 64-2, 64-3, and 64-4 to the Motion for Attorneys' Fees and Costs and Plaintiff's Service Award (Doc. 64).

54. The Court hereby awards the following for the Service Award, to be paid separate from (and which will not reduce) the Settlement Payments to Class Members: $5,000.00.

55. The Settlement Agreement and the Settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received,

or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of the Litigation Class, or any litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to the Settlement Agreement

and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, as further set forth in that Agreement.

56. The Court permanently enjoins the Named Plaintiff, and all other Settlement Class Members, from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims and (ii) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

57. The Court approves the termination and withdrawal procedures in Paragraphs 84– 87 of the Settlement Agreement. If the Settlement does not become Final for any reason (whether due to a termination of the Settlement Agreement in accordance with its terms, a failure or refusal of the Court to approve the proposed Settlement, or a reversal or modification of the Court's approval of the proposed Settlement on appeal, or for any other reason), the Parties shall be returned to the status quo ante as though the Settlement Agreement had never been entered. In that event, (a) the Settlement Class shall be vacated without prejudice to any Party's position on the issue of class certification, the merits of any claims or defenses, or any

other issue, in this Action or any other action; (b) all orders entered regarding the Settlement shall be vacated; (c) the Parties and their attorneys shall proceed as though the Settlement Agreement had never been entered, and the Parties and their Counsel shall not cite nor reference that Agreement except as necessary to inform the Court, and nothing in the Agreement and/or the fact that it was entered into shall be

offered, received, or construed as an admission or as evidence for any purpose in any proceeding, as further provided in Paragraphs 85–86 of the Settlement Agreement; (d) all of the Parties' obligations under the Settlement shall cease to be of any force and effect; provided, however, that Allstate shall remain liable for all reasonable notice and settlement administration costs incurred before the withdrawal or termination; but further provided that the Settlement Administrator shall promptly reimburse Allstate for any amounts not used for reasonable notice and settlement administration costs; (e) the Named Plaintiff and Class Counsel shall not argue that Allstate is barred from asserting defenses on the merits and as to class certification as a result of the proposed Settlement; and (f) nothing in the Settlement may be used as an admission or offered into evidence in any proceeding involving Allstate whatsoever, as further provided in the Settlement Agreement. Furthermore, in the event of a withdrawal pursuant to Paragraphs 85–86, the fact of the Agreement or settlement having been made shall not be admissible or entered into evidence for any purpose; this Agreement and all documents, orders, and other evidence relating to the Agreement and settlement shall not be offered, received, or construed as evidence of a presumption, concession, or an admission by any Party of liability or non-liability, of the certifiability or non-certifiability of the Litigation Class, or any litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party. Furthermore, in the event of a withdrawal

by Allstate, the Named Plaintiff and Class Counsel agree that Allstate shall retain the right to assert any and all defenses and claims in the Action (including all defenses and appellate rights to certification of a litigation class) and that the Named Plaintiff shall not argue that Allstate is barred from asserting those defenses or claims due to waiver, estoppel, or similar arguments.

58. The Court approves the confidentiality provisions in Paragraphs 94–97 of the Settlement Agreement and orders the Parties to proceed in accordance with those provisions regarding the Confidential Information.

59. Within 30 days after all of Allstate's obligations under the Settlement are effectuated, Class Counsel and/or other attorneys for the Named Plaintiff in the Action, or any Settlement Class Member or their counsel, shall destroy all Proprietary Information provided by Allstate to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with this Agreement. Class Counsel shall deliver a letter to Allstate's counsel certifying their compliance with this Paragraph. Further, the Parties agree that neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

60. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of Settlement Class Members.

61. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against Allstate at any time. Allstate and the Released Parties are released

from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including Allstate and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

62. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Allstate on the one hand, and the Named Plaintiff and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

63. The Clerk of this Court is directed to enter a Final Judgment of Dismissal and close this case.

64. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

(A) Enforcing this Final Judgment, the Agreement, and the Settlement;

(B) Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

(C) Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on February 10, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**